UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILBERTO TORRES,

                                        Plaintiff,


                  -against-


THE CITY OF NEW YORK, NEW YORK CITY          **COMPLAINT**
POLICE DEPARTMENT, POLICE OFFICER
"JOHN" KOSILOV, SHIELD NO.: 11356, AND
OTHER UNNAMED POLICE OFFICERS,               DOCKET NO.:    14-CV-03632

                                  Defendants.
                                             **JURY TRIAL DEMANDED**

### Preliminary Statement

1. This is a civil rights action brought to vindicate the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the  United States, and under the Civil Rights Act, 42 U.S.C. §1983 and the laws of the State of New York.   Plaintiff WILBERTO TORRES' rights were violated when police officers forcibly seize him while lawfully while in public, detained him, searched him, destroyed his cellphone which contained a recording of a police assault and fabricated criminal charges to justify the seizure and attendant arrest and imprisonment.   By reason of defendants' actions, including their failure to follow proper procedures, and their unreasonable conduct, plaintiff was deprived of his constitutional and common law rights.


2. Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §1331, 1343.  This action is brought pursuant to 42 U.S.C. §1983 and 1988 and the Fourth and Fourteenth Amendments of the Constitution of the United States.

4.  Venue is proper pursuant to 28 U.S.C. §1391 (b) in that plaintiff's claim arose in the Southern District of New York and plaintiff resides in that district.

5.  An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

6.  The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and causes of actions which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## PARTIES

7.  The Plaintiff WILBERTO TORRES resides and at all times hereinafter mentioned, resided at 1512 Townsend Avenue in Bronx County, State of New York.   At the time And date of this incident, Plaintiff had been undergone surgery and had received chemotherapy for abdomen and lung cancer.

8.     Defendant, THE CITY OF NEW YORK, is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

9.     POLICE OFFICER "JOHN" KOSILOV, SHIELD NO.: 11356, NEW YORK CITY POLICE OFFICERS JOHN DOES (names and shield numbers of whom are presently unknown) and other unidentified members of THE NEW YORK CITY POLICE DEPARTMENT (the "Individual Defendants") are and were at all times relevant herein, officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT. The Individual Defendants are being sued herein in their in their individual and official capacities.

11.    At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of The New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein, with the power and authority vested in them

3

as officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT.

## **NOTICE OF CLAIM**

12.     Plaintiff WILBERTO TORRES timely filed a Notice of Claim with the Comptroller of the City of New York on December 10, 2013.

13.     THE CITY OF NEW YORK assigned a claim number to plaintiff's claim, *to wit*, Claim number 2013PI031746, and exercised its right to conduct an individual examination of Plaintiff on March 6, 2014.   Thirty (30) days have elapsed since that examination and the Defendants have not made any attempts to settle or resolve this action.

14.     The events upon which these actions are based occurred on August 23, 2013 and continue to date with the malicious prosecution of Plaintiff.

**FIRST CAUSE OF ACTION**

15. On or about August 23, 2013, at approximately 3:00 A.M., POLICE OFFICER "JOHN" KOSILOV, SHIELD NO.: 11356 and other unnamed police officers forcibly seized and detained Plaintiff herein in the area of 2 East 169th Street (44th Precinct) in Bronx County.

16. Defendants falsely alleged that Plaintiff was trespassing when the Defendants were aware that Plaintiff only came to the Precinct to inquire about the arrest of his friends.

17. POLICE OFFICER "JOHN" KOSILOV, SHIELD NO.: 11356 and other unnamed police officers pursued Plaintiff and physically apprehended Plaintiff for the purpose of seizing his cell phone and destroying a video that Plaintiff had taken earlier that day, in which Plaintiff had recorded a police assault on another individual.

18. POLICE OFFICER "JOHN" KOSILOV, SHIELD NO.: 11356 and other unnamed police officers then handcuffed Plaintiff and improperly searched his persons and his belongings.

19. Plaintiff was then taken to the 44th Precinct where he was photographed, fingerprinted and placed in a cell.

20. Defendants then transported Plaintiff to the Bronx Criminal Court where he eventually was brought before a Judge.

21. Defendants charged Plaintiff with the crimes and violation of Trespass for being in a public place-the 44th Police Precinct.

22. Plaintiff was released from Arraignment Court approximately thirty-six (36) hours after being arrested.

23. The Defendant's stop of Plaintiff was without reasonable suspicion and without any justification in law or in fact.

24. Defendant's seizure and detention of Plaintiff was without probable cause and without justification in law or in fact.

25. As of the filing of this Complaint, Plaintiff has had to appear in court for the criminal charges on April 24, 2013, October 21, 2013, December 11, 2013, February 19, 2014 and March 31, 2014.

26. On or about December 10, 2013, Plaintiff served upon the Comptroller of the City of New York, a Notice of Claim as required by the General Municipal Law.

27. That more than thirty (30) days have elapsed since the service of these Claims and the adjustment or payment thereof has been neglected or refused.

28. That on March 6, 2014, Plaintiff was orally examined under oath pursuant to section 50-h of the General Municipal Law.

29. As a result of the false arrest of Plaintiff by Defendants, Plaintiff demands judgment against the Defendants and was damaged in the amount of Five Hundred Thousand ($500,000) Dollars.

## AND AS FOR A SECOND CAUSE OF ACTION

30. Plaintiff repeats all the allegations contained in paragraphs "1" through "29" inclusive as though more fully set forth herein.

31. As a result of Defendants' actions, Plaintiff was falsely detained and imprisoned and suffered injuries as described aforesaid.

32. That at the time of Plaintiff's imprisonment, Defendants, their agents, servants and/or employees knew or should have known that Plaintiff should not have been detained, handcuffed and/or imprisoned.

33. That the Defendants, their agents, servants and/or employees failed, refused or neglected to undertake any measures which could have prevented Plaintiff's detention and/or resulted in Plaintiff's release.

34. In view of the foregoing, Plaintiff has been damaged in the amount of Five Hundred Thousand ($500,000) Dollars.

## AND AS FOR A THIRD CAUSE OF ACTION

35.  Plaintiff repeats all the allegations contained in paragraphs "1" through "34" inclusive as though more fully set forth herein.

36. Defendants assaulted Plaintiff when they performed the actions as described above.

37. Defendants intended to cause injury to Plaintiff and caused said injury.

38. In view of the foregoing, Plaintiff has been damaged in the amount of Five Hundred Thousand ($500,000) Dollars.


## AND AS FOR A FOURTH CAUSE OF ACTION

39. Plaintiff repeats all the allegations contained in paragraphs "1" through "38" inclusive as though more fully set forth herein.

40. That the Defendants, their agents, servants and/or employees initiated a criminal prosecution against the Plaintiff.

41. That the Defendants, their agents, servants and/or employees knew, or should have known, that there was no probable cause to support the criminal prosecution.

42. That the Defendants, their agents, servants and/or employees brought the criminal prosecution out of malice toward Plaintiff.

43. The Defendants' malicious intent is evidenced by the fact that their arrest and prosecution was for the sole purpose of taking his cell phone which Defendants knew contained a video recording of an officer beating Plaintiff's friend.

44. The Defendants malicious intent is evidenced by the fact that they contrived the crime of Trespass to justify pursuing, seizing and arresting Plaintiff to destroy the inculpatory videotape.

45. As a result of the malicious prosecution of Plaintiff by Defendants, Plaintiff demands judgment against the Defendants and was damaged in the amount of Five Hundred Thousand ($500,000) Dollars.

## AND AS FOR A FIFTH CAUSE OF ACTION

46. Plaintiff repeats all the allegations contained in paragraphs "1" through "45" inclusive as though more fully set forth herein.

47. The Defendants, their agents, servants and/or employees, were acting "under color of state law" as defined in 42 U.S.C. 1983 et seq. in committing the acts alleged herein.

48. In performing that acts as aforesaid, the Defendants deprived Plaintiffs of their civil and constitutional rights as defined by 42 U.S.C. 1983 et seq. and the law interpreting said section.

49. Defendants' actions were part and parcel of a continuing and ongoing course of conduct as well as a concerted plan and scheme to seize evidence of police abuse and destroy said evidence thereby allowing officers who committed crimes to avoid punishment and prosecution and to avoid disciplinary actions that would result in suspensions and possible removal from the police force.

56  As a result of defendants' actions, plaintiff has been damaged in a sum of not less than Five Hundred Thousand ($500,000.00) Dollars.

## JURY DEMAND

57  Plaintiff hereby demands trial by jury of all issues properly tribal thereby.

## PRAYER FOR RELIEF

**WHISEFORE,** Plaintiff prays for relief as follows:

9

1.      This Court issue a declaration that defendants have violated the plaintiff's rights under the

Fourth and Fourteenth Amendments of the Constitution of the United States and the Civil

Rights act of 1871, Title U.S.C. §1983; and

2.      That the jury finds and the Court adjudge and decree that Plaintiff, WILBERTO TORRES,

shall recover compensatory damages in the sum of not less than Five Hundred Thousand

($500,000.0) Dollars against all defendants jointly and severally.

3.      Order the defendants to pay costs and attorney's fees pursuant to 42 U.S.C. §1983; and

4.      Require the Defendants to pay Plaintiff punitive damages; and

5.      Order any other relief the Court deems appropriate.


Dated:   May 20, 2014

_____
                ELLIOT H. FULD (EHF 8389)
                Attorney for the Plaintiff
                930 Grand Concourse-Suite 1G
                Bronx, New York 10451
                (718) 410-4111